CYNTHIA L. MELLEMA (State Bar No. 122798)
DAVID S. SIMONTON (State Bar No. 199919)
KIMBERLY E. DE HOPE (State Bar No. 215217)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
ENCOMPASS INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALENTINA SOLOVIEVA, NATALIA LITCHEV,<br><br>Plaintiffs,<br><br>vs.<br><br>ENCOMPASS INSURANCE COMPANY, an Illinois Corporation, and DOES 1 TO 20,<br><br>Defendants. | No. C 07-3634 HRL<br><br>NOTICE OF REMOVAL |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1441(a) and 1446, defendant Encompass Insurance Company hereby removes this action to this Court on the ground that this Court has original jurisdiction under 28 U.S.C. section 1332.

### THE SUPERIOR COURT ACTION

1. On May 31, 2007, an action was commenced in the Superior Court of the State of California for the County of Santa Clara, entitled "*Valentina Solovieva, Natalia Litchev v.*

1  *Encompass Insurance Company and Does 1-20*," Case No. 107CV086981 (the "Superior Court Action").

2. In the Superior Court Action, plaintiffs seek damages based on Encompass' alleged improper denial of their claim for benefits arising out of a three-car automobile accident on April 21, 2007. (Complaint, ¶ 12.) Plaintiffs allege Solovieva was insured under an Encompass auto policy (the "Policy"). (*Id.* at ¶ 9.) On the basis of these allegations, plaintiffs assert claims for "breach of contract," "breach of implied covenant of good faith and fair dealing" and "declaratory relief" against Encompass.

3. Plaintiffs served their complaint on Encompass' registered agent on June 14, 2007. On July 13, 2007, Encompass answered the complaint in state court (the "Answer").

4. Attached as Exhibit 1 are true and correct copies of the pleadings in the Superior Court Action served on Encompass, which include the Summons and Complaint. Also attached is Encompass' Answer to plaintiffs' complaint, filed in the Superior Court Action.

### JURISDICTION

5. Plaintiff Solovieva is, and was when she filed the Superior Court Action, a resident of the State of California, and the County of Santa Clara. (Complaint, ¶ 1.)

6. Plaintiff Litchev is, and was when she filed the Superior Court Action, a resident of the State of California, and the County of San Mateo. (Complaint, ¶ 2.)

7. Defendant Encompass is, and was at the time of filing of the Superior Court Action, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the city of Northbrook, Illinois.

8. "Doe" defendants must be disregarded in determining diversity of citizenship. 28 U.S.C. section 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

9. Accordingly, this action is between citizens of different states.

/ / /
/ / /
/ / /

## AMOUNT IN CONTROVERSY

10. Given the several categories of damages sought by Plaintiffs, the amount in controversy in the Superior Court Action, exclusive of interest and costs, exceeds the $75,000 jurisdictional minimum.

11. The complaint was filed in the "Unlimited Jurisdiction" division of the Superior Court, which has a jurisdictional minimum of $25,000, exclusive of attorneys' fees, interest, or costs. *See* Cal. Civ. Proc. Code §§ 85, 86. Plaintiffs allege they suffered damages in excess of the jurisdictional minimum of the Superior Court. (Complaint, ¶¶ 24, 31.)

12. Plaintiffs allege their automobile sustained $2,000 damage in the accident. (Complaint, ¶ 17.) They further allege that Encompass failed to investigate their claim, improperly cancelled the Policy, and wrongfully refused to provide coverage. (Complaint, ¶ 28.)

13. Plaintiffs further allege they will be subjected to liability claims from third parties. (Complaint, ¶ 29.)

14. As a result of Encompass's alleged wrongful denial of policy benefits, plaintiffs allege they suffered mental and emotional distress. (Complaint, ¶ 30.)

15. Plaintiffs also seek compensatory, consequential and punitive damages. (Complaint, prayer for relief.)

16. Additionally, plaintiffs seeks to recover attorney's fees. (Complaint, ¶ 29.) Attorney's fees incurred to compel payment of insurance policy benefits unreasonably withheld are recoverable as an element of damages under *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), and therefore must be included in calculating the amount of controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

17. Plaintiffs also seek an undisclosed amount of punitive damages. (Complaint, ¶ 31.) In calculating the amount in controversy, the Court must consider the punitive damages that may be recovered by plaintiffs if their claim for punitive damages should prevail. *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).

1  18.  Finally, plaintiffs' counsel advised counsel for Encompass that plaintiffs' damages likely exceeded $75,000, and plaintiffs would not stipulate that they seek less than $75,000. A true and correct copy of a letter from Kimberly De Hope to Sujata Reuter is attached as Exhibit 2.

### ORIGINAL JURISDICTION

19.  Based on the foregoing, this Court has original jurisdiction over the Superior Court Action under 28 U.S.C. section 1332. Plaintiff and Encompass are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. This action may therefore be removed to this Court pursuant to 28 U.S.C. sections 1441(a) and 1446.

WHEREFORE, Encompass hereby gives notice that this action has been removed, in its entirety, from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California, San Jose Division.

Dated: July 13, 2007

SONNENSCHEIN NATH & ROSENTHAL LLP

By _____
KIMBERLY E. DE HOPE

Attorneys for Defendant
ENCOMPASS INSURANCE COMPANY

27271845