## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ENCOMPASS INSURANCE COMPANY, an Illinois Corporation, and DOES 1 TO 20,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
Valentina Solovieva, Natalia Litchev

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED FILED

07 MAY 31 PM 12: 05



You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF SANTA CLARA COUNTY
191 NORTH FIRST STREET
San Jose, California 95113

CASE NUMBER:
*(Número del Caso):* **CV086981**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SHAWN R. PARR                               (408) 267-4500
150 Almaden Boulevard, Suite 1380
San Jose, California 95113

DATE:                       Kiri Torre                 Clerk, by  S. BANCAYCO            , Deputy
*(Fecha)* MAY 31 2007     Chief Executive Officer/Clerk  *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: **Encompass Insurance company, an Illinois corporation**
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

Valentina Solovieva

PARR LAW GROUP
SHAWN R. PARR (SBN 206616)
SUJATA REUTER (SBN 232148)
150 Almaden Blvd., Suite 1380
San Jose, CA 95113
Telephone: (408) 267-4500
Facsimile:  (408) 267-4535

Attorneys for Plaintiffs
VALENTINA SOLOVIEVA,
NATALIA LITCHEV

PROPOSED FILED

07 MAY 31 PM 12: 05

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| VALENTINA SOLOVIEVA, NATALIA LITCHEV,<br><br>Plaintiffs,<br><br>v.<br><br>ENCOMPASS INSURANCE COMPANY, an Illinois Corporation, and DOES 1 TO 20,<br><br>Defendants. | CASE NO. 1 07 CV 086981<br><br>**COMPLAINT FOR**<br><br>1. **BREACH OF WRITTEN CONTRACT**<br>2. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**<br>3. **DECLARATORY RELIEF** |

Plaintiffs VALENTINA SOLOVIEVA and NATALIA LITCHEV (collectively, "Plaintiff") hereby complains against Defendant ENCOMPASS INSURANCE COMPANY an Illinois Corporation ("ENCOMPASS"), and DOE defendants 1 through 20 ("DOE Defendants"), hereinafter collectively referred to as "Defendants," and alleges as follows:

GENERAL ALLEGATIONS

1.  Plaintiff SOLOVIEVA is now, and at all times mentioned in this complaint has been, an individual residing in the County of Santa Clara.

2.  Plaintiff LITCHEV is now, and at all times mentioned in this complaint has been, an individual residing in the County of San Mateo.

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

COMPLAINT

1

3. Defendant ENCOMPASS INSURANCE COMPANY is, and at all times mentioned was, a corporation chartered pursuant to the laws of the State of Illinois, doing business as an insurance company, and authorized to do business as insurer in the State of California, and was and is doing business as such in the County of Santa Clara.

4. DOE Defendants 1 through 20, inclusive, are the fictitious names of those Defendants whose true names are unknown to Plaintiff, and whose true capacities, whether as individuals, corporations, joint venturers, joint ventures and/or associations, are unknown to Plaintiff and when such true names are ascertained, Plaintiff will amend this Complaint by inserting said true names in the place of said fictitious names in accordance with the Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon allege that each fictitious Defendant was in some way responsible for, participated in, or contributed to the matters that plaintiff complains of, and has legal responsibility for those matters.

5. Plaintiff is informed, believes, and alleges that each Defendant is, and at all relevant times was, the agent and employee of each codefendant, and, in committing the alleged acts or omissions, was acting in the scope of his, her, or its agency or employment and with the permission and consent of the other codefendants, and are jointly and severally liable for acts or omissions of one another.

6. Plaintiff LITCHEV is the registered owner of an automobile 2007 VW Jetta VIN No: 3 VWGG71K87M059336 ("the VEHICLE").

7. On or about the beginning of February 2007, Plaintiff contacted Defendant and inquired if the insurance policy may be issued in the name of Plaintiff SOLOVIEVA, the sole driver of the VEHICLE. Defendant responded affirmatively and provided Plaintiff with the blank forms of the application.

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

COMPLAINT

2

8. On or about beginning of February 2007, Plaintiff submitted an application for automobile insurance to Defendant ENCOMPASS. As part of the application, the registration card for the VEHICLE was submitted, which read that Plaintiff SOLOVIEVA was not the registered owner of the car.

9. On or about February 15, 2007, Defendants issued to Plaintiff SOLOVIEVA an annual automobile insurance policy No. 236295011, which was in effect for the period of February 28, 2007 through February 28, 2008 ("the POLICY"). A copy of the POLICY is attached as Exhibit A to this complaint.

10. Plaintiff paid for the annual policy in full.

11. Under the terms of the POLICY Defendants agreed to provide liability and comprehensive insurance coverage to Plaintiff as described in the POLICY, including, without limitation, coverage for damages caused by an automobile accident.

12. On or about April 16, 2007, Plaintiff was involved in a three car automobile accident. On the same day, Plaintiff caused the accident to be reported to Defendants.

13. Defendants represented to Plaintiff on or about April 17, 2007, that the claim will be processed.

14. Subsequently, Defendants communicated to Plaintiff that the POLICY was ineffective due to an alleged lack of "insurable interest" because Plaintiff was not the registered owner of the vehicle.

15. On or about April 21, 2007, Defendants issued an Amended Coverage Summary wherein the registered owner was added to the POLICY and Plaintiff was thus assured that they were covered. A true and correct copy of the Amended Coverage Summary is attached hereto as Exhibit B.

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

COMPLAINT

3

PAGE 7/10 * RCVD AT 6/29/2007 5:58:23 PM [Central Daylight Time] * SVR:CHI2XRF01/22 * DNIS:4781 * CSID:9168582117 * DURATION (mm-ss):01-46

16. Plaintiff was instructed by Defendants to take the car to their authorized body shop affiliated with Defendants for an inspection in order to ascertain the damage to the vehicle. Defendants represented to Plaintiff that Defendants would cover the loss "if ENCOMPASS could afford it."

17. Plaintiff complied and took the car to the body shop affiliated with Defendants, and received an estimate for the damages of about $2,000.

18. On or about April 24, 2007, Defendants mailed out the Notice of Cancellation, effective May 21, 2007, informing Plaintiff that "an unacceptable exposure to loss exists due to the substantial increase in hazard by the vehicle is [sic] not registered to the named insured." A true and correct copy of the Notice of Cancellation is attached hereto as Exhibit C.

19. Together with the Notice of Cancellation, Defendants enclosed a refund check for the pro-rated amount of the premiums for the period from May 21, 2007, through the end of the term. Defendants did not refund the premiums paid for the period from February 28, 2007 through May 21, 2007. A true and correct copy of the refund check is enclosed hereto as Exhibit D.

20. On or about May 11, 2007, Plaintiff received a letter from Defendants that Defendants would not provide coverage under the POLICY. A true and correct copy of the letter denying coverage is attached hereto as Exhibit E.

## FIRST CAUSE OF ACTION

### Breach of Contract

21. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 20 of this complaint.

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

COMPLAINT

4

22. Plaintiff has duly performed each and every condition of the policy of insurance issued by Defendants on their part to be performed.

23. Defendants failed and refused to perform its obligations set forth in the policy in that it failed and refused to provide Plaintiff with collision and comprehensive insurance coverage, and in that Defendants unilaterally cancelled the contract.

24. As a direct and proximate result of Defendants' breach of its contractual duties, Plaintiff was damaged in the amount subject to proof at trial but in the amount exceeding the general jurisdictional amount of the Court.

## SECOND CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

25. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 24 of this complaint.

26. Defendants, at all material times, had a duty to act fairly and in good faith to Plaintiff in carrying out its responsibilities under its policy of insurance.

27. Implicit in Defendants' obligation to act fairly and in good faith to Plaintiff is its duty to promptly investigate claims against Plaintiff and to make reasonable coverage decisions.

28. Defendants breached its obligation to act fairly and in good faith toward Plaintiff by:

   a. failing to investigate the claim in good faith

   b. basing its coverage decision on its desire to avoid its obligations to Plaintiff; and

   c. canceling the POLICY at the time of hardship in violation of the POLICY, relevant case law, and the undisputed facts of the claim;

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

COMPLAINT

5

    d. refusing to provide coverage without proper cause and without regard to the provisions of the policy, with the intention of coercing Plaintiff to forgo the benefits of the policy.

29. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages consisting of the actual cost of repair to Plaintiff's car, and liability claims by third parties. Furthermore, Plaintiff has incurred fees and costs to obtain the benefits to which Plaintiff is entitled under Defendants' policy.

30. As a further direct and proximate result of Defendants' breach, Plaintiff has suffered, and continues to suffer, emotional and mental distress.

31. In committing the alleged acts, Defendants acted with oppression, fraud, and malice. All the alleged acts were performed or ratified by Defendants' managerial employees, who acted with knowledge that Defendants' conduct would cause plaintiff harm. Plaintiff is therefore entitled to recover punitive damages in the amount exceeding the general jurisdictional amount of the Court.

### THIRD CAUSE OF ACTION

#### Declaratory Relief

32. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 31 of this complaint.

33. That an actual controversy has arisen between Plaintiff and Defendants as to the rights, duties and obligations of the parties under the AGREEMENT in that Defendants contend that Plaintiff is not covered by the POLICY because Plaintiff is not a registered owner of the insured vehicle, and that Defendants had lawfully cancelled the POLICY. Plaintiff contends that

Parr Law Group
150 Almaden Blvd,
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*

6

they are covered by the POLICY, that the POLICY is a valid contract and that Defendants breached the contract by denying coverage under, and by canceling, the POLICY.

34. Plaintiff desires a judicial declaration of their rights and Defendants' duties and obligations under the POLICY.

35. That such a judicial declaration is necessary and appropriate at this time in order that Plaintiff may ascertain their rights with respect to the subject POLICY and be compensated for the losses incurred as a direct and proximate result of the conduct of Defendants and each of them as alleged herein.

WHEREFORE, Plaintiff seeks judgment for:

1. For compensatory and consequential damages in an amount according to proof
2. Attorney fees and costs incurred in obtaining the benefits owed under the policy issued by Defendants
3. For a judicial declaration of Plaintiff's rights relative to the POLICY and a declaration as to the obligations of Defendants, such that Defendants is ordered to provide coverage from February 28, 2007 through February 28, 2008; that the court make all other judicial declarations it deems just and proper.
4. Plaintiff's mental and emotional distress
5. Punitive damages in an amount appropriate to punish and set an example of Defendants
6. For all other and further relief as this court deems just and proper.

Dated: May 30, 2007

PARR LAW GROUP

SUJATA REUTER, Attorneys for Plaintiffs
VALENTINA SOLOVIEVA,
NATALIA LITCHEV

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

COMPLAINT

7

CYNTHIA L. MELLEMA (State Bar No. 122789)
DAVID S. SIMONTON (State Bar No. 199919)
KIMBERY E. DE HOPE (State Bar No. 215217)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

ENDORSED FILED
07 JUL 13 AM 10:54

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA.
COUNTY OF SANTA CLARA
BY_____

Attorneys for Defendant
ENCOMPASS INSURANCE COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| VALENTINA SOLOVIEVA, NATALIA LITCHEV,<br><br>Plaintiffs,<br><br>vs.<br><br>ENCOMPASS INSURANCE COMPANY, an Illinois Corp., and DOES 1 to 20,<br><br>Defendants. | No. 107CV086981<br><br>ENCOMPASS INSURANCE COMPANY'S ANSWER TO COMPLAINT<br><br>**BY FAX** |

Defendant Encompass Insurance Company ("Encompass"), on behalf of itself and no others, hereby answers Plaintiffs Valentina Solovieva's and Natalia Litchev's unverified Complaint (the "Complaint") as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Encompass generally denies each and every material allegation in the Complaint, and each cause of action against Encompass contained therein. Encompass files this answer without prejudice to its rights to file a further amended answer or other response after conducting discovery.

-1-
ENCOMPASS INSURANCE COMPANY'S ANSWER TO COMPLAINT

10798583.tif - 7/13/2007 11:00:42 AM

As for separate and distinct additional defenses, Encompass alleges as follows:

## ENCOMPASS'S ADDITIONAL DEFENSES

(Applicable To All Causes of Action)

### FIRST ADDITIONAL DEFENSE

The Complaint, and each and every purported cause of action therein against Encompass, fails to state facts sufficient to constitute a cause of action against Encompass.

### SECOND ADDITIONAL DEFENSE

Plaintiffs have not been injured or damaged in any way or in any manner as a result of any alleged act, conduct or omission of Encompass.

### THIRD ADDITIONAL DEFENSE

The Complaint, and each and every purported cause of action therein against Encompass, is barred against Encompass by the doctrine of estoppel.

### FOURTH ADDITIONAL DEFENSE

The Complaint, and each and every purported cause of action therein against Encompass, is barred against Encompass by the doctrine of waiver.

### FIFTH ADDITIONAL DEFENSE

The Complaint, and each and every purported cause of action therein against Encompass, is barred against Encompass by the doctrine of laches.

### SIXTH ADDITIONAL DEFENSE

The Complaint, and each and every purported cause of action therein against Encompass, is barred against Encompass by the doctrine of unclean hands.

### SEVENTH ADDITIONAL DEFENSE

Plaintiffs' damages, the fact and extent of which Encompass denies, were either wholly or partially caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct, negligence, breach of contract, or any other type of fault, of persons, firms, corporations or entities other than Encompass, for which Encompass is not responsible. Such intentional conduct, negligence or fault bars recovery against Encompass or comparatively reduces the percentage of fault or negligence, if any, of Encompass.

### EIGHTH ADDITIONAL DEFENSE

Encompass's alleged acts, conduct or omissions were lawful, privileged and/or justified.

### NINTH ADDITIONAL DEFENSE

Plaintiffs are not entitled to judgment to the extent their damages claims are speculative.

### TENTH ADDITIONAL DEFENSE

To the extent Plaintiffs have failed to mitigate, minimize, or avoid any damage they allegedly have sustained, recovery against Encompass, if any, must be reduced by that amount.

### ELEVENTH ADDITIONAL DEFENSE

The Complaint, and each and every purported cause of action therein against Encompass, is barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure Sections 337, 338, 339, 340, and 343.

### TWELFTH ADDITIONAL DEFENSE

The Complaint, and each and every cause of action therein against Encompass, is barred and/or Plaintiffs' recovery therefore should be reduced to the extent their alleged damages were the result of their comparative fault.

### THIRTEENTH ADDITIONAL DEFENSE

Plaintiffs' damages, the fact and extent of which Encompass denies, were proximately caused by intervening, superseding, and/or supervening acts for which Encompass has no liability.

### FOURTEENTH ADDITIONAL DEFENSE

The Complaint, and each and every purported cause of action therein, is barred because Encompass owed and/or breached no duty of care to Plaintiffs.

### FIFTEENTH ADDITIONAL DEFENSE

Plaintiffs knew, or in the exercise of reasonable care should have known, the risks of the matters alleged in the Complaint. Plaintiffs knowingly and voluntarily assumed and accepted such risks, and any damages allegedly suffered by Plaintiffs were the proximate result of Plaintiffs' assumptions and acceptance of such risks.

### SIXTEENTH ADDITIONAL DEFENSE

The Complaint, and each and every purported cause of action in the Complaint, is barred in that it seeks payment, reimbursement, contribution or indemnification for, or is based on, losses that are not covered or that are excluded from coverage under the terms, definitions, exclusions, conditions and limitations contained in the Policy.

### SEVENTEENTH ADDITIONAL DEFENSE

Encompass's obligations, if any, to plaintiffs are governed and limited by the terms, definitions, exclusions, conditions, and limitations contained in the Policy.

### EIGHTEENTH ADDITIONAL DEFENSE

Plaintiff's claim for punitive damages is barred because the California punitive damages statute is unconstitutional in that, among other things, it is void for vagueness, violates the equal protection clause, violates the due process clause, is an undue burden on interstate commerce, violates the contract clause, and violates the Eighth Amendment proscription against excessive fines pursuant to the United States and California Constitutions.

### NINETEENTH ADDITIONAL DEFENSE

The Complaint fails to state facts sufficient to entitle plaintiff to punitive damages.

### TWENTIETH ADDITIONAL DEFENSE

Encompass' conduct was reasonable and in good faith, and hence not tortious.

### TWENTY-FIRST ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent plaintiffs failed to disclose, concealed, or misrepresented any material fact or circumstance, either before or after the alleged loss.

### TWENTY-SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are barred to the extent they failed to join necessary and indispensable parties to this action.

### TWENTY-THIRD ADDITIONAL DEFENSE

Encompass reserves the right to amend this Answer in the future after conducting additional investigation and discovery to determine why Plaintiffs filed this action.

ENCOMPASS INSURANCE COMPANY'S ANSWER TO COMPLAINT

1. WHEREFORE, Encompass prays for judgment as follows:

    1. That Plaintiffs take nothing by way of their Complaint;

    2. That the Complaint be dismissed with prejudice and judgment entered in favor of Encompass;

    3. That Encompass be awarded its costs and attorneys' fees incurred in this action; and

    4. For such other and further relief as this Court deems just and proper.

Dated: July 13, 2007

SONNENSCHEIN NATH & ROSENTHAL LLP

By _____
KIMBERY E. DE HOPE

Attorneys for Defendant
ENCOMPASS INSURANCE COMPANY

27271752\V-1

PROOF OF SERVICE

I, Sandy LeCompte, hereby declare:

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court whose direction the following service was made. I am over the age of 18 years, and not a party to the within action. My business address is Sonnenschein Nath & Rosenthal LLP, 525 Market Street, 26th Floor, San Francisco, California 94105.

On July 13, 2007, I served a copy of the following document entitled:

**ENCOMPASS INSURANCE COMPANY'S ANSWER TO COMPLAINT**

on the interested parties in this action by placing a true copy thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Sonnenschein Nath & Rosenthal LLP, addressed as follows:

Shawn R. Parr, Esq.
Sujata Reuter, Esq.
PARR LAW GROUP
150 Almaden Blvd., Suite 1380
San Jose, CA 95113
Telephone: (408) 267-4500
Facsimile: (408) 267-4535

☒ U.S. MAIL: I am personally and readily familiar with the business practice of Sonnenschein Nath & Rosenthal for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service.

☐ FACSIMILE TRANSMISSION: I caused such document to be sent by facsimile transmission at the above-listed fax number for the party.

☐ FEDERAL EXPRESS: I served the within document in a sealed Federal Express envelope with delivery fees provided for and deposited in a facility regularly maintained by Federal Express.

☐ HAND DELIVERY: I caused such document to be served by hand delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 13, 2007 at San Francisco, California.

*Sandy LeCompte*
Sandy LeCompte